UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| | * | |
| versus | * | No. 13-151 |
| | * | |
| LANGUNDO FLOWERS | * | SECTION "L" (3) |

## ORDER & REASONS

Before the Court is a Motion to Sever filed by Defendant Langundo Flowers (Rec. Doc. 418). The Court has reviewed the briefs and applicable law and now issues this Order & Reasons.

I.     BACKGROUND

This case arises out of an alleged conspiracy to distribute drugs. Count 1 of the twenty-eight-count Second Superseding Indictment charges nine defendants with conspiring to distribute, and to possess with the intent to distribute, 280 grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(a) and 846. Defendant Langundo Flowers is among those nine Defendants. Flowers is also named in Counts 8, 11, 15, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 27 of the Second Superseding Indictment. Counts 8, 11, 19, 20, 21, 22, and 23 charge Flowers with knowingly and intentionally using a communication facility, to wit, a telephone, in committing or facilitating the commission of a violation of Title 21, United States Code, Sections 841(a)(1) and 846. Counts 15, 18, and 24 charge Flowers with knowingly and intentionally distributing a quantity of cocaine base ("crack"), a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Count 25 charges Flowers with knowingly possessing a semi-automatic handgun in furtherance of a drug-trafficking crime, in violation of Title 18, United States Code, Section

1

924(c)(1)(A).  Counts 26 and 27 charge that Flowers, having been previously convicted of a felony, did knowingly possess a firearm and ammunition affecting commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The other fifteen counts charge various Defendants with distributing drugs, possessing firearms, and causing death through the use of a firearm.

## II.   PRESENT MOTION

### A.   Motion to Sever (Rec. Doc. 418)

Defendant Langundo Flowers filed the present motion and asks this Court to sever counts of the indictment that are unrelated to his charges and/or to sever his trial from that of his co-defendants. Flowers contends that severance is warranted under Federal Rule of Criminal Procedure 8(b) because joinder is not proper, as the indictment does not allege an overarching conspiracy, but rather, multiple conspiracies with overlapping participants.  (Rec. Doc. 418-1 at 4).  Flowers "submits that the evidence at trial will fail to prove up the overarching conspiracy that the government has alleged in Count 1, and that severance will be justified on that basis." (Rec. Doc. 418-1 at 4).

Flowers also argues that severance is justified pursuant to Federal Rule of Criminal Procedure 14 because of the unfair prejudicial effect that joinder will have on his defense.  (Rec. Doc. 418-1 at 4).  As his co-defendant, Dennis Morgan, argued in his Motion to Sever (Rec. Doc. 299), Flowers avers that he "will suffer from prejudicial 'spill over' effect based on the murder charge brought against two of his co-defendants."  (Rec. Doc. 418-1 at 3-4).  Flowers notes that the Government does not allege that he played any role in the alleged murder, and Flowers maintains that the evidence will show that he "condemned the violence that was

2

allegedly being perpetrated by the individuals who are now his co-defendants." (Rec. Doc. 418-1 at 5).  The facts, Flowers argues, support a severance under Rule 14.

### B. Government's Response (Rec. Doc. 424)

In opposition, the Government claims that in September 2012, the Drug Enforcement Administration and the Kenner Police Department began an investigation into the activities of a drug trafficking organization in the Lincoln Manner area of Kenner, Louisiana.  (Rec. Doc. 424).  During the course of the investigation, Government states that T-III intercept orders were obtained for telephones utilized by Flowers and another co-defendant.  (Rec. Doc. 424 at 1).  According to the Government, through the use of these intercepted communications, agents were able to identify members of the organization and determine their respective roles.

The Government argues that joinder under Federal Rule of Criminal Procedure 8 is proper.  The Government claims that the propriety of joinder should be evaluated by looking at the initial allegations of the indictment.  (Rec. Doc. 424 at 3).  The Government argues that the instant case falls squarely into the category of cases in which a joint trial of co-conspirators is favored.  (Rec. Doc. 309 at 3-4).  According to the Government, it does not matter that Flowers was not charged in every count of the indictment because Flowers played an indispensable role in Count 1, the count around which the entire indictment centers.  (Rec. Doc. 424 at 4).  The Government emphasizes that Flowers failed to cite a single case in which a court found joinder to be improper when the indictment charged a defendant with drug conspiracy but not with the overlapping gun conspiracy that occurred during and in furtherance of the drug conspiracy.  (Rec. Doc. 424 at 4).  Rather, the Government argues, courts have held the opposite: joinder of related drug and gun counts *is* proper.  (Rec. Doc. 424 at 4) (citing *U.S. v. Chagra*, 754 F.2d

1186, 1188 (5th Cir. 1985); *U.S. v. Davis*, Crim A. No. 01-282, 2003 WL 1904039 at *3 (E.D. La. Apr. 16, 2003) (Vance, J.)).

With respect to Rule 14, the Government claims that this Court should only sever a defendant if the Court determines that joinder results in prejudice that outweighs the benefit of judicial economy. (Rec. Doc. 424 at 5). The Government argues that severance is only appropriate when there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants. (Rec. Doc. 424 at 6) (citing *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). The Government claims that Flowers has the burden of proving that without a severance he will be unable to obtain a fair trial. (Rec. Doc. 424 at 6) (quoting *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973)). The Government further argues that this Court can tailor relief through an appropriate limiting instruction. (Rec. Doc. 424 at 6). The Government argues that "[n]otably, in cases involving one defendant charged with murder who is tried with other defendants not charged with murder, the Fifth Circuit has held that prejudice is not established when there is evidence of crimes committed by co-conspirators, including murder." (Rec. Doc. 424 at 7) (citing *U.S. v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998)). Further, the Government argues, unlike cases where the Fifth Circuit has granted severance, "the gun and murder charges are related to and in furtherance of Count 1, the drug trafficking conspiracy of which Flowers was a central figure." (Rec. Doc. 424 at 8) The Government claims that Flowers fails to make any specific showing as to why a jury will be unable to properly process the evidence against him. (Rec. Doc. 424 at 9-10).

III.  **LAW & ANALYSIS**

   A. **Federal Rule of Criminal Procedure 8**

Federal Rule of Criminal Procedure 8 provides that "[t]he indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Fed. R. Crim. P. 8(b). "The fact that an indictment does not charge each [defendant] with active participation in each phase of the conspiracy does not constitute misjoinder." *United States v. Lindell* 881 F.2d 1313, 1318 (5th Cir. 1989). "All that is required is ' a series of acts unified by some substantial identity of facts or participants.'" *U.S. v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996) (quoting *Dennis*, 645 F.2d at 520). "The propriety of joinder under Rule 8 is determined by the initial allegations of the indictment, which are accepted as true absent arguments of prosecutorial misconduct." *U.S. v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985).

Flowers argues that the indictment covers several unrelated conspiracies, rather than one single conspiracy. In *United States v. Harrelson*, the Fifth Circuit addressed a similar argument. According to the Fifth Circuit, joinder of the count naming Flowers to those naming his codefendants is proper if "'the indictment alleged all of them 'to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses . . . .' Separate conspiracies with different memberships may still be joined if they are part of the same series of acts or transactions." *Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (quoting *United States v. Grassi*, 616 F.2d 1295, 1303 (5th Cir.)). "Whether the counts of an indictment fulfill the 'same series' requirement is determined by examining 'the relatedness of the facts

underlying each offense . . . [W]hen the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper.'" *Id.* (quoting *United States v. Gentile*, 495 F.2d 626, 630 (5th Cir. 1974)).  On the other hand, "[w]hen there is no 'substantial identity of facts or participants between the two offenses, there is no 'series' of facts under Rule 8(b)." *Id.*

In the present case, Count 1 charges Flowers and eight other co-defendants with being part of a conspiracy to distribute 280 grams or more of cocaine base.  (Rec. Doc. 196 at 2). Counts 3, 4, 5, 13, 15, 18 charge Flowers and various defendants with actual distribution of a quantity of cocaine base.  (Rec. Doc. 196 at 3-7).  Count 2 charges five defendants, all of whom are charged in Count 1, with conspiring to possess firearms in furtherance of drug trafficking crimes.  (Rec. Doc. 196 at 2).  Counts 6, 12, 14, and 25 charge various defendants, including Flowers, with possessing firearms in furtherance of drug trafficking crimes.  (Rec. Doc. 196 at 3, 5-6, 10).  Counts 7, 8, 9, 10, 11, 19, 20, 21, 22, 23 charge Flowers and various defendants with knowingly and intentionally using a communication facility in order to commit or facilitate the commission of the conspiracy charged in Count 1.  (Rec. Doc. 196 at 6-9).  Counts 18 and 24 charge Flowers and other defendants with possession of cocaine base with the intent to distribute.  (Rec. Doc. 196 at 7, 10).  Counts 26, 27, and 28 charge Flowers and various defendants with being a convicted felon in possession of a firearm.  (Rec. Doc. 196 at 10-11). Last, Count 16 charges two defendants with knowingly using and carrying firearms, during and in relation to the commission of the drug trafficking conspiracy charged in Count 1, and causing the death of a person through the use of that firearm.  (Rec. Doc. 196 at 7).

Each of the twenty-eight counts involves substantially related facts and participants. Proof of the conspiracy charged in Count 1 is necessary to establish almost all of the additional

6

charges. Although Flowers argues that severance is justified because the evidence at trial will fail to prove the overarching conspiracy alleged in Count 1, the Court is required to accept the allegations in the indictment as true at this stage. *Harrelson*, 754 F.2d at 1176. If the conspiracy count fails at trial, the Supreme Court instructs that joinder is not necessarily an error as a matter of law, but rather, the Court "has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. U.S.*, 362 U.S. 511, 516 (1960). Thus, accepting the allegations in the indictment as true, it is clear that all of the charges relate to and were in furtherance of the conspiracy in Count 1. Accordingly, joinder is proper under Rule 8. *See also United States v. Mazella*, 782 F.2d 533, 540 (5th Cir. 1986) (finding that joinder was proper where the defendant was not charged under the RICO or RICO conspiracy counts but his dealings with his co-defendant allowed the co-defendant to further the criminal enterprise.)

   **B.**  **Federal Rule of Criminal Procedure 14**

It is the general rule "that persons who are indicted together should be tried together." *U.S. v. Michel*, 588 F.2d 986, 1001 (5th Cir. 1979). "Joint trials 'play a vital role in the criminal justice system.'" *Zafiro v. U.S.*, 506 U.S. 534, 537 (1993); *see also Krenning*, 93 F.3d at 1266 ("The interests of efficiency and justice have led to a preference in the federal system for joint trials of defendants who are indicted together.") However, Federal Rule of Criminal Procedure 14 provides that "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The United States Supreme Court has explained that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial

right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.  The Fifth Circuit has explained that "[i]n ruling on a motion to sever, a trial court must balance potential prejudice to the defendant against the 'public interest in joint trials where the case against each defendant arises from the same general transaction.'" *U.S. v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).  The Supreme Court noted that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946)).

The Fifth Circuit has explained that "[a] defendant is not entitled to severance just because it would increase his chance of acquittal or because evidence is introduced that is admissible against certain defendants." *Burton v. U.S.*, 237 F.3d 490, 495 (5th Cir. 2000) (citing *Zafiro*, 506 U.S. at 540).  Furthermore, "even where defendants have markedly different degrees of culpability, severance is not always required if less drastic measures, such as limiting instructions will suffice to cure the prejudice." *Id.* (citing *United States v. Broussard*, 80 F.3d 1025, 1037 (5th Cir. 1996)); *see also U.S. v. Bermea*, 30 F.3d 1539, 1572 (5th Cir. 1994) ("Any prejudice created by a joint trial can generally be cured through careful jury instructions.").

In *United States v. Michel*, the Fifth Circuit explained that when "the government charges several defendants with conspiracy and numerous substantive counts, the possibility always exists that the jury might cumulate the evidence introduced against all to find guilty a defendant whose connection was only marginal." 588 F.2d 986, 1002-03 (5th Cir. 1979).  The Fifth Circuit determined, however, that the possibility of prejudicial cumulation of evidence could be best cured by a charge to the jury, warning them to give separate and personal consideration to each defendant. *Id.* at 1003.  Consistent with the Fifth Circuit's holding in *Michel*, the Fifth Circuit

has explained that "[i]f the jury can keep separate the evidence that is relevant to each defendant, even if the task is difficult, and render a fair and impartial verdict as to each defendant, a severance should not be granted." *U.S. v. Ramirez*, 145 F.3d 345, 355 (5th Cir. 1998) (citing *United States v. Walters*, 87 F.3d 663, 670-71 (5th Cir. 1996)).

Like his co-defendant, Dennis Morgan, Flowers argues that there will be a prejudicial "spill over" effect if he is tried with his co-defendants, who are alleged to have committed more serious crimes. Specifically, Flowers contends that he will incur prejudice because the indictment charges two of his co-defendants with murder, "and the government has never alleged that [ ] Flowers had anything to do with the murder…." (Rec. Doc. 418-1 at 5). The Fifth Circuit has found that "the mere presence of a spillover effect does not ordinarily warrant severance." *U.S. v. McCord*, 33 F.3d 1434, 1452 (5th Cir. 1994). Flowers must demonstrate clear, specific and compelling prejudice that will result in an unfair trial if not severed. *See U.S. v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998).

In *United States v. Posada-Rios*, the Fifth Circuit addressed a similar argument as the one made here. In that case, the defendants argued "that they were prejudiced by evidence of crimes committed by co-conspirators, including gruesome murders, before they joined the conspiracies." 158 F.3d 832, 863 (5th Cir. 1998). The Fifth Circuit stated that "[w]hile the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *Id.* (quoting *U.S. v. Manges*, 110 F.3d 1162, 1174-75 (5th Cir. 1997)).

The Fifth Circuit's decision in *United States v. Erwin* is particularly instructive. 793 F.2d 656 (5th Cir. 1986). In that case, the appellants had been charged in a single indictment and all, except one, were charged with participating in a single conspiracy. Appellants contended that

9

the district court abused its discretion in not severing all or some of their counts.  Appellants tried to show prejudice by pointing to the fact that a large part of the trial consisted of evidence of two kidnappings, two beatings, and one killing, none of which appellants were involved in. 793 F.2d 656, 666 (5th Cir. 1986).  Appellants claimed that evidence of these activities, which differed qualitatively from the crimes with which they were charged, poisoned the jury's minds and made it impossible for the jury to untangle the evidence.  *Id.*  With one exception, the Fifth Circuit disagreed.  The Fifth Circuit explained that although evidence of more egregious crimes took up a large part of the trial, the rest of the evidence directly pertained to the conspiracy.  *Id.* The Fifth Circuit also emphasized that the district court repeatedly cautioned the jury about the proper use of evidence.  *Id.*  With respect to one appellant, however, the Fifth Circuit reached a different conclusion.  The Fifth Circuit emphasized that one of the appellants, Grace Davis, was not named in the conspiracy charge and the charges against her were only peripherally related to those alleged against the other appellants.  The Fifth Circuit stated that "[a]s the trial progressed, it became increasingly apparent that very little of the mountainous evidence was usable against her, and almost none of it applied directly.  The prejudice she suffered from the joint trial, then, far outweighed any benefit of judicial economy."  *Id.*  The Fifth Circuit held that the district court abused its discretion in denying her severance motion when she re-urged it at the close of evidence.  *Id.*

     Unlike the charges alleged against appellant Davis in *Erwin*, Flowers is charged with the conspiracy that forms the basis for all of the other charges in the indictment.  The charges against Flowers therefore directly relate to the charges alleged against his co-defendants.  Moreover, unlike Flowers' co-defendant, Morgan, whose Motion to Sever the Court denied (*see* Rec. Doc. 374), the indictment charges Flowers with the counts that relate to firearm possession.  More of

the potentially "inflammatory evidence" at trial will therefore apply directly to Flowers, and there will be less potential for prejudice. Similar to the other *Erwin* appellants, the thrust of the evidence at trial will thus pertain to Flowers, and joinder is consequently inappropriate at this time.

As the Fifth Circuit makes clear in *Erwin*, this Court can revisit this issue as the trial unfolds if evidence and testimony is presented that is irrelevant to Flowers and inflammatory to him. *See U.S. v. McRae*, 702 F.3d 806, 828 (5th Cir. 2012) ("We do not fault the district court for declining to sever Warren's case before trial, but as the trial progressed, however, and the evidence and testimony presented became irrelevant and unusable against Warren, and increasingly inflammatory to him, we are of the belief that limiting instructions could not mitigate the prejudice.").

### IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Sever (Rec. Doc. 418) is hereby **DENIED.**

New Orleans, Louisiana, this 18th day of February 2015.

_____
UNITED STATES DISTRICT JUDGE

11